Good morning. Douglas Winter for Bank of America and its co-defendants on appeal. Because plaintiff's brief has presented only new issues on appeal, I plan to reserve seven minutes. The purpose of the Class Action Fairness Act is singular, to bring multistate class actions into federal jurisdiction and supervision, which means the federal rules of civil procedure. The Act has no substantive impact on the law, except for a limitation on coupon settlements, which aren't relevant here. It's all about procedure. As sponsoring senators from both sides of the aisle said in the legislative history, this is about court reform. And by that, they meant courthouse reform. CAFA brings class actions to federal courts for the federal courts to supervise. Now, CAFA class actions include, in their definition, something called a mass action, which is what's pertinent today. A mass action is removable, or there's original jurisdiction, if it meets four requirements generally. Only one of those requirements is at issue, and that's that plaintiffs propose to bring their claims jointly. That's what happened here. I don't want to interrupt you, but since time is limited, counsel, may I just ask a question? What specifically in the record, where did the plaintiff, Apoles, propose a joint trial of their claims? The complaint itself, Your Honor. The complaint was brought on behalf of 137 plaintiffs. They paid one filing fee. It requests a trial. And it requests a trial. But where does it request a joint trial? For instance, you could have a mass action for the purposes of discovery or pretrial activity and then later decide, well, we'll have a joint trial of these plaintiffs, a joint trial of these, or we'll include everybody. As I read California law, you have to request a joint trial. But most of the mass actions, they're basically consolidated for the purpose of discovery or, excuse me, pretrial. So I look at the complaint. Where in the complaint is there a request for joint trial? It is the face of the complaint, Your Honor, which is brought on behalf of 137 plaintiffs. In the context of consolidation, that's a different kind of mass action. In other words, that's a situation where a number of actions are filed that do not on their face qualify. They don't bring brought on behalf of 100 or more people. They're brought on behalf of 30, 50, whatever. This is something that was visited in Romo two weeks ago by this Court. There, there was a request by defendants for consolidation of those cases such that it would create a mass action. The Court ruled that that particular request by plaintiffs – I'm sorry, the plaintiffs requested consolidation, the defendants sought to remove. The Court looked at the request for consolidation and said, we've got these myriad number of little cases, and the plaintiffs aren't requesting a joint trial of those cases. They're requesting pretrial proceedings and discovery. Here it's different. Here we have a single case, a single complaint filed by these 137 plaintiffs. It seeks – and by the way, plaintiffs concede this. Their brief on appeal concedes that this is exactly what this complaint does. The Seventh Circuit in Bullard seems to suggest that when there's a complaint that has multiple parties, that should be deemed to propose a joint trial for purposes of the mass action sections of CAFA. Are you asking for that sort of presumption, or do you think that presumption is correct? I think it's both, Your Honor. First, we have to keep in mind, a jurisdictional question, as the Supreme Court has said in this Court, is one that should be resolved quickly and on a bright line. We're here on an expedited appeal today because CAFA wants that, and we all have to work extra hard to get that done in a brief time frame. So it should be a situation where the Court looks at the face of the complaint, and the face of this complaint, certainly, is 137 plaintiffs bringing their claims together, which is across the board for a joint trial. Bullard speaks to that. Does Bullard create a presumption? I think they're stating a factual certainty. That is what a complaint says when it's filed on behalf of 137 people. When one filing fee is paid, there is a joint trial being proposed there. If there were not, they could have filed separate actions. They could have done exactly what the plaintiffs did in Romo, but they didn't. And the plaintiffs are master of their complaint. We're not. We accept the device. CAFA allows us to remove it, and that's what we did. And as this Court has held in U.S. Steele and other cases, the question of CAFA removal is separate from the question of what happens then, Federal procedure. Is it a proper class action or not? That's what we sought to test in the Federal court. Now, in a conventional class action context, you apply Rule 23 to decide that. In a mass action context, you apply Federal Rule 20. That's exactly what we proposed to do. And that's what Congress contemplated. First, the plain language says proposes. It doesn't say that this has to be a mass action, that plaintiffs are proposing it. Second, the legislative history says in no uncertain terms that mass actions are part of this statute because in these they create circumstances for even greater cases than class actions because lawyers seek to join the claims of a number of different plaintiffs. That may be different in a single action. It indicates clearly that Congress intended that test, the test of jointer, to be applied by the Federal court. That's what we sought to have happen here. Ginsburg. Let me just ask, if the plaintiff's families – I'm so sorry – had included language in their complaint, thank you, asserting that separate trials may be necessary in this case, would it still be removable as a mass action? That's a question that's not before the Court, and I would tend to say under the circumstances we'd have to look at the complaint. But filing a single complaint under California law, as in the Federal system, on behalf of a number of individuals brought together in a non-class context presupposes – not necessarily presumes, but it presupposes – a joint trial. And that's what's being presented as a joint trial. And again, plaintiffs have conceded that. And they are the masters of their complaint. How else is a court, a district court, going to decide whether it has original or removal jurisdiction over a mass action without looking at that complaint itself? I'd be interested in your take on these points. The plaintiffs don't use the word that they ask for a, in quotes, joint trial, in quotes. I suspect no one would, and CAFA would be rendered dead letter if that were a requirement. But in this case, the complaint at ER 49 says that the plaintiffs and each of them demand a jury trial. What import should we give to that? I would read that to say exactly what it says. There are 137, depending on your count, sometimes we hear 134 individual plaintiffs seeking a joint – seeking a trial in one document. That's a joint trial. And they also indicated that they were victims of an, in quotes, common plan and scheme, in quotes, and then they proposed to recover damages jointly. That's at ER 743. What are we to make of that? The same thing, that this complaint requests a joint trial. And then finally, they indicated they sought damages in excess of $75,000 each, the specific amount to be determined at trial at ER 755. What are we to make of that? The same thing, Your Honor. And that this qualifies under CAFA's jurisdictional requisites and doesn't raise the Abrego-Abrego issue of how much each individual plaintiff intends to recover. They've all said they plan to recover $75,000 or more. Romo is quite a different case, isn't it? Yes, Your Honor. And I'm happy to speak to that if you'd like. Yeah. I think we did have very different complaints, individual complaints. A number of them filed shutters. Was it 40 or something like that, complaints? And there was an effort by plaintiffs to consolidate those. As the Court said in Romo, the plaintiffs are master of their complaint. We did not pick this device, in this case, to have 130 plaintiffs in one case. Plaintiffs chose that. They proposed. We removed. In Romo, we have plaintiffs who filed disparate cases, each under 100, right, 100 members. The plaintiffs sought to consolidate those. The Court looked at that consolidation request. Did it seek a joint trial or not? The Court was divided, but the majority said, no, that this particular consolidation request did not seek a joint trial, distinguished, I believe, a Seventh Circuit case where the Seventh Circuit looked at an Illinois procedural rule and said, no, in that context, they are seeking a joint trial by this consolidation motion. Hence, they've created a mass action that's removable. Didn't Romo cite a lot of the pleadings of the various parties to indicate that the trial coordination of discovery and motions and so on, so they wouldn't be inconsistent? Yes. And Romo, of course, made the courts work. Here, where you have a complaint, a single complaint, it should be a bright line. We should be able to establish Federal jurisdiction immediately by looking at the complaint. And that, of course, is what we believe the district court should have done. We removed it not based on a representation that there was a mass action here, but based on the representation as provided in CAFA, the precise language, that Plaintiff's proposed a mass action. Can I ask you one other thing? You haven't got any, you're cutting your seven minutes here, but I want to ask you about the impact, if any, of the local controversy exception. That's not jurisdictional, is it? No, it's not. That is an exception, and it was incumbent upon Plaintiffs when we removed the action to bring that argument before the district court, or at least bring it to the district court when we moved to dismiss. Now, there are any number of grounds, four we set out in our brief for why that controversy exception doesn't apply. But most notable is they allege the citizenship of Bank of America Corporation, the principal defendant in the first removed action, its citizenship is not California. Are there other defendants who do have that citizenship? There are, I believe so. Yes, but they are not the principal defendant, which is what CAFA looks at. But more important, CAFA looks at the controversy exception, looks at the injury alleged, and as to whether it's specific to one State, in this instance, California. And the complaint itself alleges that's a nationwide injury. There are Plaintiffs from 13 States here. It doesn't matter that a majority of them are in California. We're looking not at the impact on Plaintiffs, but on the impact of the alleged injuries, and here's why. Because if, otherwise, the complaint can always be amended. The complaint can be amended to add others after that analysis is done. And that's the reason for that. It's looking at whether there's an injury beyond the single State. If we agree with you about the jurisdictional issue, the district court really didn't deal with the common questions of law and fact. Kennedy, wouldn't it be better to just send it back to the district court on a fresh slate as to that issue, say you've got jurisdiction, now decide this issue? No, Your Honor. Actually, the district court did decide. It looked at the First Amendment complaint, and we cited it in the brief, and held that there were no common questions presented by that complaint, the First Amendment complaint. And, of course, we have two complaints, the original complaint, which is the basis for removal, the First Amendment complaint, which is the basis for our misjointed motion. So the district court has made that finding. They can't meet that hurdle. The district court has found that. That's why we're asking this Court for the relief of reversing, but also directing the district court to dismiss for failure of misjoinder, following Coughlin, leaving the one-name claim. Do you want to save any of your time, counsel? I will, Your Honor, unless you have questions. Okay. We'll look forward to hearing from you in a minute. All right. Let's hear for counsel from Mr. Vicendi or Ms. Vicendi. Good morning. Jamie Cuadra on behalf of the Vicendi plaintiffs. Just a note for the panel, Ms. Day and I jointly represent the totality of the plaintiffs in this action. But you'll see, you received a note from the clerk that we each represent the plaintiffs in this action. We each represent different sections of the plaintiffs. So I will be reserving some of my time for Ms. Day to speak to some of the issues, also to make sure that all of the plaintiffs are spoken for. I'd like to first address the local controversy requirement, and then I'll reserve some of my time for Ms. Day, who will address a variety of other issues. But before you do that, I'd like to understand your position. Is it your position that this is not a mass action? No, it is not our position necessarily that this is not a mass action. At the time of removal, it is our position that the total number of plaintiffs should be calculated by the number of actual injuries. And in this context we're talking – Where do you get that from? Well, we're talking – this is a fresh approach, absolutely. It certainly is. I'm not going to – There's no case law on it, is there? I concede that, Your Honor. Yeah. When we crafted the complaint for filing in the State court, we crafted it under the State court joiner rules, because we're filing in State court as masters of our complaint. Could I just interrupt you for a moment? Yes. In your brief, you did concede or you did state that you were proposing a joint trial of the parties. Is that correct? That is correct. It was certainly not challenging that we are – were not proposing a joint trial. So I would not consider that an issue here. So it's just that your theory is that if there's under 100, you don't meet the numerosity requirement, is that right? It is one of our theories at the moment, correct. So I want to be sure I understand this as well. So your answer to Judge Yakuta is you concede that you were seeking a joint trial. Yes. Okay. Yes. Yes. We're not challenging that we're conceding a joint – that we were looking for anything but a joint trial. To have the first sentence say, plaintiffs – each and every plaintiff is seeking relief in a trial is not a concession that we were looking for separate trials. I can see how we might construe that language in that manner. But that's not what the filing of this action was about. When we calculate the number of injuries here and injured parties – That's not what the statute says, is it, counsel? No, Your Honor. It's not what the statute says. Don't we have to go by the statute? I would agree that in general we go by the statute. Generally? In this instance, when we filed the original complaint, we included spouses, sometimes other family members that lived there, anyone that can conceivably be injured by the loan that was originated. When we were removed to Federal court and the abstention motion was denied, at that point the joiner of the parties had not been challenged, and the joiner of the parties was not challenged by the defendants for some 12 months later. So we certainly, upon the amendment of the complaint, continued to include those parties. So the much delayed – Forgive me, counsel. What I'm trying to understand is this. The section 1332d11bi says that mass action provisions concern, in quotes, persons. It says nothing about properties. So the number of properties doesn't have anything to do with it, at least pursuant to the statute. In addition to that, you've got allegations of fraudulent concealment, intentional and negligent misrepresentation, and violation of privacy that have nothing to do with properties in any event. Your Honor, you're correct. At the time of removal, that is correct. And then that what governs? For purposes of removal, correct. And that's – and that all we're talking about here is removal? I would contend that the defendants in the action are also looking to have the misjoiner of the parties considered. And when we look at the – So are you – are you – just be sure we're focused on the right thing. I gather what you're saying is you are conceding this is a mass action. You proposed a joint trial. Your entire focus now is solely on the local controversy exception and whether or not we should instruct the district court to dismiss the action as misjoined. Is that correct? Correct. Okay. Yes. I apologize if I was confusing there. No, no. I just wanted to be sure I understood. Yes. Those are our focuses at this point. So speaking to the local controversy requirement for the moment, this is truly a local controversy. If you look at the total number of plaintiffs, we have 85 percent of the plaintiffs are located in California. A majority of the properties are located in California. More than two-thirds of the properties are located in California. The nature of the harm arises from the ownership of the res, not of a mass tort nature. So the argument that the bank makes is that it's not a jurisdictional requirement, citing Cookshousen, and that you didn't raise this to the district court, and so it was weighed. So how do you respond to that? The jurisdictional challenge was brought not by defendants, but by Sue Sponte, brought by Judge England. The remand was brought forward by the court. And so I would propose that this was not fully briefed at the district court level, and perhaps that's something that should have been brought at the district court level. So if you – if you – I guess the argument is if you fail to bring specifically this local controversy exception, then it's weighed, and that it's too late for us to consider it here. How do you respond to that? That this is not a – that this is a mandatory abstention requirement, that this is not jurisdictional per se, but that this actually does require the Federal court to abstain from exercising jurisdiction over a truly local controversy. You're saying it's not waivable. Correct. And do you have a case, or are you just suggesting that based on the statutory language, or what? I believe the case cited in our brief on page 12, if you look to the site, I won't even attempt to pronounce the first word in that case, but the BMW case at 707F3-1136 would be the case that I would cite to on that. And we'd be happy to more fully brief the Court on the breadth and depth of that requirement if the Court's interested. I guess I don't understand your answer. You've indicated to Judge Ikuda that the local controversy rule is not jurisdictional. Right? That is what the case law says. That's what we have to follow, right? It's that it's not jurisdictional, but that it is among the very many muddled case law and statutory wording for CAFA in general, the language that I have seen has said it is a mandatory abstention. Well, wait a minute. That's an oxymoron, isn't it? Absolutely. I know there are those in the law, but this is either it is jurisdictional or it's not. The case law seems to suggest it's not. Do you agree that it is not jurisdictional? I agree that the statute says it's not jurisdictional. Okay. Do you agree that the case law says it's not jurisdictional? I agree that the case law does not call the requirement jurisdictional. Okay. Doesn't it say it isn't jurisdictional? I agree that in the case law and the statute says it's not jurisdictional. So the case law and the statute says it's not jurisdictional, but you have your doubts. But I think that when the words mandatory and abstention appear in the same sentence, that that creates doubt in my mind. Whose sentence is it? Sorry. The case is not in front of me, Your Honor, so I can't, I don't recall it. And if I could, I would for you. So if you had raised it to the district court, as I understand it, the mandatory. If you had raised it to the district court, the district court would have been bound to look at that and then dismiss it under that exception, the remand or deny the remand. But now on appeal, the question is whether you've waived that argument. So although it would have been mandatory had you raised it in time, how does it affect our consideration on appeal? Your Honor, I would submit that it's not a waivable. It would not be waivable now because it was not waivable at the district court level. Because you think it's jurisdictional. Because I think the words mandatory and abstention, when they appear in the same sentence, are very closely equivalent to jurisdictional. It sounds metaphysical. It might indeed be metaphysical, much like many, much like many of the case law provisions around CAFA. I think it's very muddled. Your Honors, I'd like to submit the rest of my time to my colleague. Thank you. Thank you. Good morning, Your Honors. Kristen Day appearing on behalf of appellees. To start out with, I'd like to very, very respectfully disagree. Are you the appellants? I thought you were the appellees. Appellees. Oh, I'm sorry. I thought you said appellees. I thought you switched sides on us. No, no, Your Honor. I'm sorry. I'd like to start by very, very respectfully disagreeing with my co-counsel. I have been on this case from the beginning and was involved with the drafting of the original complaint. She came on the case much later in time. And I can speak from my own personal knowledge that when we drafted the complaint, we actually did not have in mind one single joint trial. Does it matter what you had in mind? Isn't that what you put on the case of the complaint? I don't. I agree with you, Your Honor. But just to set the record straight, that was not actually our intention. I guess my concern is this. Congress set certain rules about how this was to be handled. They're not mind readers. The judges are not mind readers. They have to look at the face of the complaint. In the face of the complaint, you ask for a jury trial, you ask for common damages, all these sorts of things. There's nothing in the complaint, I think you'll agree, that says we don't want a joint trial, right? I agree, Your Honor. So do you agree with your co-counsel that as far as that issue is concerned, you've agreed you wanted a joint trial, at least for the face of the complaint? On the face of the complaint, it does imply a joint trial. I will concede that. It does imply. You know, it asks for a jury, right? Your brief also conceded that you were proposing a joint trial. Did you disagree with that in the brief? Your Honor, I believe what I meant was that by implication it was, and there are many instances, I will concede, in the complaint that indicate a joint trial. Okay. But that was not what I actually had in mind, for whatever it's worth. The second issue that I'd like to raise, and the issue I think that really was of concern to the judge, Judge England, was, you know, as my co-counsel stated, that the issue of misjoinder was never raised until a year after the complaint had been pending. And Bank of America did not, and the other defendants, did not ask that the plaintiffs be severed and tried separately. At that time, they asked that the plaintiffs be dismissed, all but the named plaintiff. Your Honor, even though the defendants put their claims together, I believe that why should they not do the same thing? club If you can ask me this, counsel. Let's just say for a minute, arguendo, of course, that we find that the court has jurisdiction, there is a mass action because you wanted a joint trial. But we have this issue of the joinder. What would you want us to do? Send it back to the district court, let the district court work this out, since it never really did much? I know your opposing counsel would disagree. He believes that the district court did in fact wrestle with the joinder issue. But if we're not so sure about that, what do you do? Is that what you would want us, for us to send it back to the district court, tell it it has jurisdiction, and then for it to decide the joinder issue? Quite honestly, Your Honor, I don't believe that the joinder issue was fully briefed or argued in the district court. And at this point, for the plaintiffs, the Pauleys, my clients, the most important thing is to move the case along, whether it's in Federal court or whether it's in State court. What do we do with the district court's determination that plaintiff's claim currently lacks a common question of law or fact? So it made that finding that says plaintiff's claim lacked a common question of law or fact at the time that defendants removed the case from State court. So I take it that's what the appellants are focusing on, was this finding. So do we say that finding is erroneous, or how would we be telling the district court? Well, Your Honor, I believe that the judge did not fully consider the issue in terms of moving forward in the district court because of his intention to remand. So when he made that filing, I think he made it only in so much as it meant that the – that all of the plaintiffs would not be moving forward in one trial in Federal court, and that they would be significantly severed in a way that would be contrary to CAFA removal. So you mean that the finding of whether there's a common question of law or fact differs depending on what the district court wants to accomplish? I just – I don't believe that the district judge fully considered the issue in terms of the practicality of the plaintiffs moving forward in district court. For instance, there are significant issues – Would that make a difference for the finding, though? I mean, that's what puzzles me. I mean, the finding is there was no common question of law or fact, and how would it make a difference why the district court reached that? Would there be more of a common issue if he was looking at it a different way? Well, arguably, Your Honor, yes, I think so, because if you're talking about the plaintiffs being split up into groups of, let's say, there end up being five groups of plaintiffs that actually do have common issues of fact and law, the way that the district judge applied the CAFA standard, it would not be in a court – if the plaintiffs had been split into five groups, for instance, as opposed to each one being heard separately or being dismissed, it would not – had the complaint been filed that way, it would not have been removable under CAFA. So I think that's how the district judge applied that issue. Any other questions from my colleagues? Thank you for your presentation. Counsel, you have a little time left. I'd like to speak to, I believe, three issues that were raised by Mr. Gershengorn and my colleagues in the Plaintiff's Bar. First, the notion that Bank of America waited 12 months to seek dismissal based on misjoinder is simply wrong. We didn't wait. It was court procedure. We removed this action within 30 days, as the law requires. We brought a motion to dismiss this action within one week of removal because the original complaint was a carbon copy of a complaint that the California court of appeal had just dismissed in a case called Ronald. Plaintiffs requested leave to amend. They didn't have – they couldn't amend as of right. We agreed to allow them to amend. Then we moved to dismiss this new complaint, which was completely different. Added defendants, removed defendants, added plaintiffs, removed plaintiffs, changed eight causes of action into three new ones. We moved on the first amended complaint to dismiss it based upon misjoinder as well as 12b-6. Kennedy, how would you respond to Judge Yakuta's question to opposing counsel about the district court's findings about there not being common issues of fact and the law? That was not in any way tied to the notion of whether this was a mass action in the sense that was being produced. I mean, argued that there were – could have been brought as smaller cases in State court, in which case the Federal district court would have never looked at this issue. It was fully briefed. We moved to dismiss based on Rule 20. Plaintiffs opposed. Based on Rule 20, we replied. The district court reviewed our briefs and actually quotes them and says, Plaintiff's claim currently lacks a question of law or fact, speaking to the first amended complaint. Later in the conclusion, plaintiff's claims do not present a common question of law or fact. The district court found this based on our motion to dismiss. I guess what I'm troubled with is the district court clearly was going to send this back to the State court. It didn't think it had jurisdiction. So yet it seemed to be making decisions as if it did have jurisdiction. Isn't that a little bit of a problem? No. The reason for that was the district court, with respect, was confused. The district court was looking at the fact that the district courts are confused. It happens on a case. Shocking. And it's – you can see why. CAFA provides for proposed. Okay. The Rule 20 is about actual common issues. So the district court believed that by removing the action, we were somehow conceding that there were not common issues. And by moving then to dismiss under Rule 20, a separate inquiry, we had somehow reversed ourselves and negated jurisdiction. In fact, if we negated anything, it would have been a judicial admission. You know, jurisdiction is based on the complaint, not based on what we had to say. I think your time is up. Any questions from colleagues? Do I speak to local controversy very briefly? We're a fine lawyer. We always love to hear good lawyers, but I think your time is up, and we thank you very much. Thank you both. Thank you very much. Thank you all for your fine presentations. The case just argued is submitted.
judges: Nelson, Smith, Ikuta